UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKE, INC., <br>     Plaintiff <br><br> v. <br><br> QUANZHOU YIYI SHOE INDUSTRY CO., LTD. and THE INDIVIDUAL AND ENTITIES OPERATING QUANZHOU YIYI SHOE INDUSTRY CO., LTD., <br>     Defendants. | No. 25-cv-03777 <br><br> Judge Jeremy C. Daniel |

**ORDER**

The plaintiff's motion for default judgment [27] is granted in part. The Court will enter a separate order awarding plaintiff relief. The rule to show cause [31] is discharged. Civil case terminated.

**STATEMENT**

The plaintiff seeks a default judgment against the defendant. The defendant operates a website that sells counterfeit versions of the plaintiff's sneakers. The plaintiff purchased a pair of sneakers from the defendant. That pair of sneakers includes several of the plaintiff's registered trademarks. In addition to that pair of sneakers, the plaintiff provided screenshots of the defendant's website that shows the defendant offering sneakers for sale.

Fed. R. Civ. P. 55(b)(2)(C) allows courts to conduct hearings when, to enter or effectuate judgment, it needs . . . establish the truth of any allegation by evidence. At the hearing on the plaintiff's motion for default judgment, the Court told the plaintiff that the Court did not see any evidence in the record that supports the scope of relief the plaintiff sought in its proposed order. (R. 32 at 2.) The Court asked the plaintiff "what is the basis of asking the Court to enter an order addressing all of these trademarks when you have not presented sufficient evidence to support that relief." (*Id.* at 3.) For context, the plaintiff seeks an injunction covering seventy or so trademarks, many of which have nothing to do with the evidence in this case. For example, the plaintiff seeks to enforce the "LEBRON" word mark in a case where the defendant's advertised and sold a pair of retro Jordans, which have nothing to do with the LEBRON mark.

The plaintiff has since filed a supplement to address those concerns. The plaintiff argues that, "[t]here is no statute or Seventh Circuit decision requiring that permanent injunctions prohibiting trademark infringement and counterfeiting must be limited to the specific marks that a plaintiff caught a defendant infringing." That is not true. "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). That first element requires the plaintiff to succeed on the merits of its claim. *See LSP Transmission Holdings II, LLC v. Huston*, 131 F.4th 566, 580 (7th Cir. 2025) ("the difference between a preliminary injunction and a permanent injunction is meaningful: 'in granting or denying a preliminary injunction, the court [decides] only the plaintiffs' likelihood of success on the merits, whereas in granting or denying a permanent injunction, it [decides] their actual success on the merits.'"). The claim here concerns a subset of the marks for which the plaintiff seeks injunctive relief.

"An injunction is an exercise of a court's equitable authority, to be ordered only after taking into account all of the circumstances that bear on the need for prospective relief." *Salazar v. Buono*, 559 U.S. 700, 714 (2010). "An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). Equity precludes granting relief beyond that warranted by the evidence.

While it is true that equity may require broad relief, the plaintiff's reliance on *Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, 135 F.4th 572 (7th Cir. 2025) is misplaced. The plaintiff cites that case for the proposition that courts should enter injunctions that are "broad enough to be effective and provide Nike with 'complete relief.'" (R. 33 at 7.) What the plaintiff overlooks is that *Republic* dealt with the language of the injunction and the nationwide reach of the injunction—not products that were not part of the case. *See Republic*, 135 F. 4th at 588 ("The injunction prohibits it from making nine categories of statements and, to safeguard against future violations, requires HBI to take concrete steps to assure the court of the factual veracity of additional factual representations."); *see also* Case No. 16-cv-03401, Dkt. No. 925 at 2 (explaining that the permanent injunction sought to enjoin the defendant "from continuing to make the statements" that were the subject of the

2

trial). Nothing in *Republic* suggests that an injunction should extend beyond the products and issues litigated.

The plaintiff also notes that the Court previously granted similar relief in other cases. That was a mistake that the Court will not repeat again. Moreover, this case must stand on its own merits. The Court will not let prior mistakes influence it. There is no basis in law or equity to grant the plaintiff relief beyond that supported by the record.

The plaintiff further argues that it is reasonable to include marks not proven infringed by the plaintiff in the injunction because it is difficult to determine the full scope of the defendant's infringement. That does not relieve the plaintiff of its burden. The plaintiff does not get a pass because something is difficult. The Court will not set aside Due Process for the plaintiff's convenience.

Finally, the plaintiff makes two arguments concerning the rule to show cause. First, the plaintiff argues that the injunction request is factually and legally supported. That is not the case. If it were, the plaintiff would have provided evidence that this particular defendant infringed each of the seventy or so trademarks the plaintiff has asserted.

Second, the plaintiff argues that Rule 11 does not extend to proposed orders. A review of the docket reveals that the plaintiff did not file a copy of the proposed order on the docket as required by the Court's standing order. The Court implemented this standing order in part to address this concern. Rule 11(b) provides that, [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Filing the proposed order brings it within the reach of Rule 11. That did not happen here, but that does not end the matter because the plaintiff later advocated for the paper presented to the Court. The plaintiff submitted its proposed order by email on September 4, 2025. The plaintiff advocated for the relief sought in the proposed order on September 9, 2025, at the hearing on the plaintiff's motion for default judgment. That brings it back within the purview of Rule 11. That also distinguishes this case from *Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718 (3d Cir. 1988), which determined that a proposed order that misrepresented a magistrate judge's order, signed by the magistrate, did not violate Rule 11.

Further, it is not as though the proposed order is the only place where the plaintiff asserted trademarks that clearly do not cover the accused products in this case. The

3

initial complaint named ninety-nine defendants. (R. 2.) Presumably anticipating joinder issues, the plaintiff amended its complaint to name a subset of the initial ninety-nine defendants. But the plaintiff did not tailor the amended complaint to reflect the smaller number of defendants. Instead, the plaintiff stuck with its initial complaint, designed to vaguely assert as many claims against as many defendants as possible. Only when called out did the plaintiff do the work it should have done when it amended its complaint—that is, only then did the plaintiff somewhat conform its pleadings to its evidence. (*See* R. 33 at 4-6.) Even then, while facing Rule 11 sanctions, the plaintiff has not come forward with any evidence indicating that the defendants in this case infringed the LEBRON mark.

Nor is it the only place where the plaintiff made speculative or conclusory claims. In its motion to seal, the plaintiff claimed that "[i]f Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief." (R. 3 at 2.) The Court must ask what evidence, if any, specific to these defendants, the plaintiff had to support such claims.

The only thing that saves the plaintiff in this instance is the Court's prior approval of such orders. The Court will take this opportunity to remind plaintiff's counsel of its obligations under Rule 11 and to put plaintiff's counsel on notice that, from this point forward, the Court's prior approval of such orders will not excuse such conduct in the future.

Date: October 10, 2025

JEREMY C. DANIEL
United States District Judge

4